Sent via email: FOIAmail@atf.gov

This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records.

REQUESTER INFORMATION

Name: David Kocieniewski

Affiliation: Bloomberg/Businessweek

Address: 731 Lexington Avenue, New York, NY 10022

Email: davidkski@gmail.com

Phone: (215) 431-6679

RECORDS SOUGHT:

1. Response to GAO Audit of ATF Anti-Smuggling Efforts

Any response letter, report, email or comments made by ATF to the GAO's 2021 audit of US policy to deter gun smuggling to Mexico (GAO 21-322 "Firearms Trafficking:U.S. Efforts to Disrupt Gun Smuggling into Mexico Would Benefit from Additional Data and Analysis")

All supplemental records - including but not limited documents, memos, reviews, analyses, transcripts, and reports - used to respond to that audit. The search should include, but not be limited to any analysis of "U.S.-sourced firearms intended for Mexico but seized in the United States " (recommendation 2 of the audit) as well as any discussion about whether such analysis would be conducted.

2. Aggregate Ammunition Trace Data

A) Part I of the NFTCA report released in February 2023 offers a detailed description of the work the National Ballistics Information Network has done tracing ammunition and firearms used in the commission of crimes. ATF's National Tracing Center also traces and analyzes ballistics evidence for some guns recovered in the U.S. as well as other countries. We request any report, memo, analysis or review that analyzes the type, size and brand of ammunition used in crime guns during the commission of crimes from Jan, 1 2014- Feb 20, 2023, both domestically and internationally.

B) The search should include, but not be limited to, any reports analyzing and/or aggregating the NIBN Brasstrax and Matchpoint systems findings and provide aggregate totals of the number of times various ammunition brands were used in crime guns between Jan 1, 2014 and Feb 2023,both domestically and internationally, Search terms should include, but not be limited to: Crime gun, National Tracing Center,

**Exhibit 1**

NTC Connect Program; Ammunition brands; e-trace; NIBIN, Brasstrax, Matchpoint, Winchester, Hornaday, Federal, Speer, Lake City, CCI, Nosler, Bushnell and Sierra.

Reasonably Foreseeable Harm.

The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall—

(i) withhold information under this section only if—

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is prohibited by law; and

(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

ATF should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part.

INSTRUCTIONS REGARDING SEARCH

1. Request for Public Records:

Please search for any records even if they are already publicly available.

2. Request for Electronic and Paper/Manual Searches:

I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted. I further request that the agencies conduct a search of its "soft files" as well as files in its locked cabinets.

3. Request regarding Photographs and other Visual Materials:

I request that any photographs or other visual materials responsive to my request be released to me in their original or comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the agency maintains a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that

photograph as a color image, not a black and white image. Please contact me for any clarification on this point.

4. Request for Duplicate Pages:

I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages may have been previously released to me, the existence of those pages within new context renders them functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.

5. Request to Search Emails:

Please search for emails relating to the subject matter of my request.

6. Request for Search of Records Transferred to Other Agencies:

I request that in conducting its search, the agencies disclose releasable records even if they are available publicly through other sources outside the agencies, such as NARA.

FORMAT

I request that any releases stemming from this request be provided to me in digital format (soft-copy) on a compact disk or other like media.

REQUEST FOR EXPEDITED PROCESSING

I ask that my request receive expedited processing because the issue of increasing gun violence is a crucial matter and there is a compelling public benefit informing the public US policy regarding firearms exports in a timely manner.

FEE CATEGORY AND REQUEST FOR A FEE WAIVER

I ask that the fees be waived because I am a reporter for Bloomberg News/Businessweek, and any information will be used to inform the public about pressing government policy issues.

I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought detail the operations and activities of government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

I will appeal any denial of my request for a waiver administratively and to the courts if necessary.

**FW: Your FOIA Request 2023-00734**
1 message

**From:** Quanetta.Tyler@atf.gov
**Sent:** Wednesday, March 8, 2023 1:27 PM
**To:** davidkski@gmail.com
**Subject:** Your FOIA Request 2023-00734

03/08/2023                                                                                                                            REFER TO:
2023-00734

Mr. David Kocieniewski

115 North Main Street

Yardley, Pennsylvania, 19067

Dear Mr. Kocieniewski:

This is to acknowledge receipt of your Freedom of Information Act (FOIA) request dated 3/7/2023, and received by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) on 3/7/2023, in which you requested records concerning GAO audit of ATF anti-smuggling efforts/ aggregate ammunition trace data.

The records you seek require a search in at least one other office within ATF, and so your request presents "unusual circumstances" under the FOIA.  See 5 U.S.C. § 552(a)(6)(B)(iii)(I).  Because of these unusual circumstances, we are extending the time limit to respond to your request beyond the ten additional days provided by the statute.  We have not completed a search to determine whether there are records within the scope of your request.  The time needed to process your request will depend on the complexity of our records search and on the volume and complexity of any records located.

**Exhibit 2**

For your information, this office assigns incoming requests to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track. Simple requests usually receive a response in approximately one month, whereas complex requests necessarily take longer. At this time, your request has been assigned to the Simple track. Your request has been placed in chronological order based on the date of receipt and will be handled as quickly as possible when it is assigned for processing. A tracking number has been assigned to your request and is set forth above. Please refer to this number in any future communications regarding this request.

Because this Office is not assessing any fees in connection with the processing of your request, there is no need for us to determine whether your request qualifies for a waiver of fees.

If you have any questions regarding the status of your request, you may contact our FOIA Public Liaison at 202-648-7390 to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Adam C. Siple

Chief

Information & Privacy Governance Division

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and any disclosure, copying, or distribution of this message, or the taking of any action based on it, by you is strictly prohibited.

Deloitte refers to a Deloitte member firm, one of its related entities, or Deloitte Touche Tohmatsu Limited ("DTTL"). Each Deloitte member firm is a separate legal entity and a member of DTTL. DTTL does not provide services to clients. Please see www.deloitte.com/about to learn more.

v.E.1

## RE: Your FOIA Request 2023-00734

**David Kocieniewski** <davidkski@gmail.com>  Wed, May 3, 2023 at 7:44 AM
To: "Tyler, Quanetta S. (ATF) (CTR)" <Quanetta.Tyler@atf.gov>
Bcc: eun@loevy.com

Great - glad it turned up.

What is the expected completion date?


On Wed, May 3, 2023, 8:34 AM Tyler, Quanetta S. (ATF) (CTR) <Quanetta.Tyler@atf.gov> wrote:

> Thank You-
>
> Not sure why I didn't see this request the first time. I was able to successfully find this FOIA request in our database and it is still in processing.
>
> Thank You,
>
> Q. Sharvon Tyler *(Contractor)*
>
> Bureau of Alcohol, Tobacco, Firearms and Explosives
>
> Information & Privacy Goverance Division
>
> U.S. Department of Justice
>
> 99 New York Avenue, NE
>
> Washington, DC 20226
>
> Desk: (202) 648-7371
>
> ---
>
> **From:** David Kocieniewski <davidkski@gmail.com>
> **Sent:** Wednesday, May 3, 2023 8:21 AM
> **To:** Tyler, Quanetta S. (ATF) (CTR) <Quanetta.Tyler@atf.gov>
> **Subject:** [EXTERNAL] Fwd: FW: Your FOIA Request 2023-00734
>
> Dear Ms Tyler,
>
> Thank you for your reply.

**Exhibit 3**

I sent my request March 7, 2023 and received and acknowledgement letter and reference number from you (which I have just forwarded to you) on March 8th.

Regards

On Wed, May 3, 2023, 8:15 AM Tyler, Quanetta S. (ATF) (CTR) <Quanetta.Tyler@atf.gov> wrote:

> Mr. Kocieniewski-
>
> I do not find that request number in my database. I even searched you by name and I do not find a request for you. Please double check your information and advise.
>
> Best,
>
> Q. Sharvon Tyler *(Contractor)*
>
> Bureau of Alcohol, Tobacco, Firearms and Explosives
>
> Information & Privacy Goverance Division
>
> U.S. Department of Justice
>
> 99 New York Avenue, NE
>
> Washington, DC 20226
>
> Desk: (202) 648-7371
>
> ---
>
> **From:** David Kocieniewski <davidkski@gmail.com>
> **Sent:** Tuesday, May 2, 2023 4:41 PM
> **To:** Tyler, Quanetta S. (ATF) (CTR) <Quanetta.Tyler@atf.gov>
> **Subject:** [EXTERNAL] FW: Your FOIA Request 2023-00734
>
> Dear Ms. Tyler,
>
> I am writing to request an expected completion date for my FOIA request, #2023-00734.
>
> Thank you for your consideration.
>
> Kind Regards,
>
> David Kocieniewski

Sent from Mail for Windows

**From:** David Kocieniewski
**Sent:** Wednesday, April 19, 2023 2:14 PM
**Subject:** FW: Your FOIA Request 2023-00734

Sent from Mail for Windows

**From:** Quanetta.Tyler@atf.gov
**Sent:** Wednesday, March 8, 2023 1:27 PM
**To:** davidkski@gmail.com
**Subject:** Your FOIA Request 2023-00734

03/08/2023                                                                 REFER TO:  2023-00734

Mr. David Kocieniewski

115 North Main Street

Yardley, Pennsylvania, 19067

Dear Mr.  Kocieniewski:

This is to acknowledge receipt of your Freedom of Information Act (FOIA) request dated 3/7/2023, and received by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) on 3/7/2023, in which you requested records concerning GAO audit of ATF anti-smuggling efforts/ aggregate ammunition trace data.

The records you seek require a search in at least one other office within ATF, and so your request presents "unusual circumstances" under the FOIA.  See 5 U.S.C. § 552(a)(6)(B)(iii)(I).  Because of these unusual circumstances, we are extending the time limit to respond to your request beyond the ten additional days provided by the statute.  We have not completed a search to determine whether there are records within the scope of your request.  The time needed to process your request will depend on the complexity of our records search and on the volume and complexity of any records located.

For your information, this office assigns incoming requests to one of three tracks:  simple, complex, or expedited.  Each request is then handled on a first-in, first-out basis in relation to other requests in the same track.  Simple requests usually receive a response in approximately one month, whereas complex requests necessarily take

longer. At this time, your request has been assigned to the Simple track. Your request has been placed in chronological order based on the date of receipt and will be handled as quickly as possible when it is assigned for processing. A tracking number has been assigned to your request and is set forth above. Please refer to this number in any future communications regarding this request.

Because this Office is not assessing any fees in connection with the processing of your request, there is no need for us to determine whether your request qualifies for a waiver of fees.

If you have any questions regarding the status of your request, you may contact our FOIA Public Liaison at 202-648-7390 to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Adam C. Siple

Chief

Information & Privacy Governance Division

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and any disclosure, copying, or distribution of this message, or the taking of any action based on it, by you is strictly prohibited.

Deloitte refers to a Deloitte member firm, one of its related entities, or Deloitte Touche Tohmatsu Limited ("DTTL"). Each Deloitte member firm is a separate legal entity and a member of DTTL. DTTL does not provide services to clients. Please see www.deloitte.com/about to learn more.

v.E.1

Bureau of Alcohol, Tobacco, Firearms and Explosives
Information Privacy and Governance (IPG) Division, Room 4E.301
99 New York Avenue, NE
Washington, DC 20226

Dear Sir or Madam:

Pursuant to the provisions of the Freedom of Information Act ("FOIA") 5 U.S.C § 552 et seq, I hereby request the following information:

1. Aggregate Firearms Trace Data from the National Tracing Center.
    a. Total number of firearm trace requests from each recovery country, by year and by country, since 2010.
    b. Number of lawful U.S. firearm exports recovered and traced, by year, US manufacturer/importer, and recovery country, since 2010.
        i. An [NFCTA report](#) currently has this data in aggregate from 2017 to 2021. See page 5 of the report: "Table IRT-06a: Total Lawful U.S. Firearm Exports Recovered and Traced by Law Enforcement by Recovery Country or Grouping, 2017 – 2021". We want a breakdown by year, country, and manufacturer/importer.
    c. Number of traces by gun types (Pistols/Revolvers/Rifles/Shotguns/Other) and by trace results (US manufactures/US imports/non-US sources, by year and by recovery country, since 2010.
2. Copies of the Memorandums of Understanding for use of the eTrace system for the following countries: Thailand, Canada, Philippines, Mexico, Haiti, Belize, Guatemala, Brazil, Honduras, Antigua. These MOUs are filed with the National Tracing Center and allow foreign law enforcement agencies to access the eTrace system.
3. A list of all countries that have MOUs for use of the eTrace system.
4. Federal Firearms Licensee Theft/Loss Report Data since 2010, also from the National Tracing Center. We are requesting a database/spreadsheet with report-level data from all ATF Form 3310.11 reports since 2010. This data should include, but not be limited to:
    i. Date of Theft/Loss
    ii. Date of ATF/Police Notification
    iii. Name of Federal Firearms Licensee
    iv. Federal Firearms License Number
    v. Address of Federal Firearms Licensee
    vi. Buyer/Transferee
    vii. Carrier
    viii. Description of incident (Burglary, Robbery, etc.)
    ix. Name of Local Authority to Whom Reported
    x. Description of Firearms
        1. Manufacturer
        2. Importer
        3. Model
        4. Serial Number

**Exhibit 4**

5. Type
6. Caliber/Gauge
7. Acquisition Date

## REASONABLY FORESEEABLE HARM

ATF should not fail to comply with this mandatory part of the FOIA as recently amended by Congress. The Agency is required to identify what reasonably foreseeable harm would flow from release of the information withheld, nor did it consider a partial disclosure of the information, taking reasonable steps to segregate and release nonexempt information.

The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall—

(i) withhold information under this section only if—

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is prohibited by law; and

(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information.

## EXPEDITED PROCESSING

We ask that the information requested be disclosed on an expedited basis. Expedited processing is appropriate here because a "compelling need" exists for disclosure of the requested information under  5 U.S.C. § 552(a)(6)(E)(i)(I). With respect to a request made by a person primarily engaged in disseminating information to the public, a compelling need exists when there is "an urgent need to inform the public about an actual or alleged Federal Government activity." 45 C.F.R. §5.27(b)(2).

As a news organization, we are primarily engaged in disseminating information to the public. The Justice Department has recently published the first two volumes of the National Firearms Commerce and Trafficking Assessment, showing a 240% increase in US gun exports from 2000 to 2020 and that 11% of international crime guns traced "were attributable to firearms lawfully exported from the U.S." Further, the assessment identified 34,339 FFL thefts and concluded that

"stolen firearms are a significant source of firearms to violent criminals." The information requested thus concerns "a matter of exigency to the American public" and "the consequences of delaying a response would compromise a significant recognized interest." Bloomberg, L.P. v. United States Food & Drug Admin., 500 F. Supp. 2d 371, 377 (S.D.N.Y. 2007) (quoting Al-Fayed v. C.I.A., 254 F.3d 300, 310 (D.C. Cir. 2001)).

### FORMAT AND PRODUCTION REQUESTS

The term "document" shall mean all of the following, without limitation and by way of description: (a) all printed materials of every kind whatsoever; (b) all and written materials of every kind whatsoever; (c) all materials in electronic media regardless of the forms of such media, including emails; (d) all drafts of subject documents; (e) all documents referenced in subject documents, including those noted as exhibits and attachments, as well as those referenced in the bodies of subject documents or in footnotes to subject documents; (f) all documents, otherwise identified, but containing marginal or other annotations, handwritten or otherwise; (g) all documents in the form of transcripts of meetings and telephone conversations and memoranda of such meetings and telephone conversations, whether printed or handwritten; (h) to the extent not covered by the definitions in (a)-(g), all materials generated employee, consultant or other person having any relationship to the government; (i) to the extent not covered by the definitions in (a)-(h), all materials generated by any person not in the employ of the government, including but not limited to lawyers, foreign government officials of every level, other interested parties and non-parties to any communications on any relevant subject.

FOIA regulations provide that, if some parts of records containing the requested information are exempt from mandatory disclosure, then the non-exempt material shall be disclosed after the exempt material has been deleted. See U.S.C. § 522(b); 28 C.P.R. § 16.6. Accordingly, if you determine that some portion of a record that is otherwise responsive to this request is exempt, please provide a copy of all reasonably segregable, non-exempt portions of the record. If the requested records are not in the possession of the ATF or its agents, we request that ATF identify all federal agencies and/or other individuals and entities believed to possess such documents.

We further request that, pursuant to 5 U.S.C. § 522(a)(3)(B), ATF produce responsive documents in the native electronic format in which the document was created. To the extent that ATF is unable to produce the responsive documents in the requested format, we request confirmation that the record does not exist in native format and production of the documents in the following format, listed in order of our preference: (1) PDF format; or (2) paper copy.

**We request that ATF produce these documents within twenty (20) working days as required by FOIA.** Additionally, in accordance with Section 7 of the OPEN Government Act of 2007, Pub. L. No. 110-175, and pursuant to Attorney General Holder's FOIA Memorandum of March 19, 2009, we request that ATF provide the individualized tracking number associated with this request should the request take longer than 10 days to process.

## FEE WAIVER REQUEST

This request qualifies for a fee waiver under 5 U.S.C. § 522(a)(4)(A)(iii) because the requested information will be used for a public interest purpose and not for commercial purposes. The ATF has previously granted Bloomberg L.P. a fee waiver in similar circumstances. Similarly, we ask that the ATF produce the information requested and grant a full public interest fee waiver.

Thank you for your consideration of this request.

Sincerely,

Eric Fan
Bloomberg News
212-617-0985
xfan134@bloomberg.net

From: noreply@securerelease.us  
To: ERIC FAN, BLOOMBERG/ 731 LEX  
Subject: Acknowledgment Letter 2023-00795  
Date: 03/30, 2023 13:29:34

March 30, 2023 REFER TO: 2023-00795 Mr. Eric Fan 731 Lexington Ave New York, NY 10022 Dear Mr. Fan: This is to acknowledge receipt of your Freedom of Information Act (FOIA) request dated March 21, 2023, and received by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) on March 21, 2023, in which you requested records concerning trace information, FFL's. The records you seek require a search in at least one other office within ATF, and so your request presents "unusual circumstances" under the FOIA. See 5 U.S.C. § 552(a)(6)(B)(iii)(I). Because of these unusual circumstances, we are extending the time limit to respond to your request beyond the ten additional days provided by the statute. We have not completed a search to determine whether there are records within the scope of your request. The time needed to process your request will depend on the complexity of our records search and on the volume and complexity of any records located. For your information, this office assigns incoming requests to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track. Simple requests usually receive a response in approximately one month, whereas complex requests necessarily take longer. At this time, your request has been assigned to the Simple track. Your request has been placed in chronological order based on the date of receipt and will be handled as quickly as possible when it is assigned for processing. A tracking number has been assigned to your request and is set forth above. Please refer to this number in any future communications regarding this request. Because this Office is not assessing any fees in connection with the processing of your request, there is no need for us to determine whether your request qualifies for a waiver of fees. If you have any questions regarding the status of your request, you may contact our FOIA Public Liaison at 202-648-7390 to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Sincerely, Adam C. Siple Chief Information & Privacy Governance Division

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and any disclosure, copying, or distribution of this message, or the taking of any action based on it, by you is strictly prohibited.

Deloitte refers to a Deloitte member firm, one of its related entities, or Deloitte Touche Tohmatsu Limited ("DTTL"). Each Deloitte member firm is a separate legal entity and a member of DTTL. DTTL does not provide services to clients. Please see www.deloitte.com/about to learn more.

v.E.1

**Exhibit 5**