UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLOOMBERG L.P., <br><br> Plaintiff, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, *et al.*, <br><br> Defendants. | Civil Action No. 23-1312 (ABJ) |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and the United States Department of Justice, through their undersigned counsel, respectfully submit this Answer to the complaint filed by Plaintiff Bloomberg L.P. ("Plaintiff") in this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, case.

Defendants respond below to the separately numbered paragraphs and demand for relief contained in this Complaint. To the extent that any allegation is not explicitly admitted herein, it is denied. Moreover, to the extent that the Complaint or this Answer refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendants respond to the separately numbered paragraphs as follows:

1. The first sentence of Paragraph 1 of the Complaint consists of a description of this action, to which no response is required. To the extent a response is deemed required to the

allegations in the second sentence of Paragraph 1 of the Complaint, Defendants deny those allegations. The first part of the second sentence of this paragraph asserts a legal conclusion, to which no response is required. To the extent a response is deemed required to the allegations in the second sentence of Paragraph 1 of the Complaint, Defendants admit that that they have not yet issued determinations or produced responsive records in response to Plaintiff's requests submitted to ATF on March 7, 2023 and March 21, 2023 respectively, and deny the remainder of the allegations in the second sentence of Paragraph 1 of the Complaint.

## PARTIES[1]

2. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 2 and therefore they are denied. As to the second sentence of this paragraph, Defendants aver that Plaintiff submitted FOIA requests to ATF dated March 7, 2023 and March 21, 2023 respectively.

3. Paragraph 3 asserts a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants admit that ATF is a component of the Department of Justice and that the Department of Justice is subject to FOIA.

4. This paragraph asserts legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendants admit the allegations of Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

---

[1] For ease of reference, Defendants' Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

5. This paragraph asserts legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiff seeks to bring an action under the FOIA and that the Court has subject-matter jurisdiction over this case.

6. This paragraph asserts legal conclusions regarding venue, to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper in this district.

## MARCH 7, 2023 FOIA REQUEST (GAO AUDIT)

7. Defendants admit that Plaintiff submitted a FOIA request to ATF on March 7, 2023. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents, and deny any inconsistency thereof.

8. Defendants admit that Defendant ATF acknowledged receipt of the request by email on March 8, 2023, and that Defendants assigned reference number 2023-00734 to the request. Defendants respectfully refer the Court to that email for a complete and accurate statement of its contents, and deny any inconsistency thereof.

9. Defendants respectfully refer the Court to the referenced email for a complete and accurate statement of its contents, and deny any inconsistency thereof.

10. Defendants admit that, on May 2, 2023, Plaintiff emailed ATF seeking an estimated date of completion for its request. Defendants respectfully refer the Court to that email for a complete and accurate statement of its contents, and deny any inconsistency thereof.

11. Defendants admit that ATF emailed Plaintiff on May 3, 2023. Defendants respectfully refer the Court to that email for a complete and accurate statement of its contents, and deny any inconsistency thereof.

12. Defendants admit that Plaintiff emailed ATF on May 3, 2023.  Defendants respectfully refer the Court to that email for a complete and accurate statement of its contents, and deny any inconsistency thereof.  Defendants admit that ATF did not reply to that email.

13. Defendants admit that ATF has not yet issued a determination or produced records in response to FOIA request number 2023-00734.  The remainder of the allegations in Paragraph 13 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

**MARCH 21, 2023 FOIA REQUEST (AGGREGATE TRACE DATA)**

14. Defendants admit that Plaintiff submitted a FOIA request to ATF on March 21, 2023.  Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents, and deny any inconsistency thereof.

15. Defendants admit that ATF acknowledged receipt of the request by email on March 30, 2023, and that Defendants assigned reference number 2023-00795 to the request.  Defendants respectfully refer the Court to that email for a complete and accurate statement of its contents, and deny any inconsistency thereof.

16. Defendants respectfully refer the Court to the email referenced in Paragraph 16, and deny any inconsistency thereof.

17. Defendants admit that ATF has not yet issued a determination or produced records in response to FOIA request number 2023-00795.  The remainder of the allegations in Paragraph 13 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

**COUNT I – MARCH 7, 2023 FOIA REQUEST (GAO AUDIT), ATF'S FOIA VIOLATION: FAILURE TO ISSUE A DETERMINATION**

18. Defendants incorporate the above paragraphs by reference.

19. This paragraph consists of Plaintiff's characterization of its FOIA request and asserts legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the request email for a complete and accurate statement of its contents, and deny any inconsistency thereof.

20. Paragraph 20 asserts a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants admit that ATF is a component of the Department of Justice and that the Department of Justice is subject to FOIA.

21. Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph.

22. This paragraph asserts legal conclusions, to which no response is required. To the extent a response is required, Defendant ATF admits that it has not yet issued a determination in response to request number 2023-00795.

## COUNT II – MARCH 7, 2023 FOIA REQUEST (GAO AUDIT), ATF'S FOIA VIOLATION: FAILURE TO CONDUCT A REASONABLE SEARCH

23. Defendants incorporate the above paragraphs by reference.

24. This paragraph consists of Plaintiff's characterization of its FOIA request and asserts legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the request email for a complete and accurate statement of its contents, and deny any inconsistency thereof.

25. Paragraph 25 asserts a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants admit that ATF is a component of the Department of Justice and that the Department of Justice is subject to FOIA.

26. Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph.

27. Denied.

## COUNT III – MARCH 7, 2023 FOIA REQUEST (GAO AUDIT), ATF'S FOIA VIOLATION: FAILURE TO PRODUCE RECORDS

28. Defendants incorporate the above paragraphs by reference.

29. This paragraph consists of Plaintiff's characterization of its FOIA request and asserts legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the request email for a complete and accurate statement of its contents, and deny any inconsistency thereof.

30. Paragraph 30 asserts a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendants admit that ATF is a component of the Department of Justice and that the Department of Justice is subject to FOIA.

31. Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph.

32. Defendant ATF admits that it has not yet produced records in response to request number 2023-00734.

## COUNT VI – MARCH 21, 2023 FOIA REQUEST (AGGREGATE TRACE DATA), ATF'S FOIA VIOLATION: FAILURE TO ISSUE A DETERMINATION

33. Defendants incorporate the above paragraphs by reference.

34. This paragraph consists of Plaintiff's characterization of its FOIA request and asserts legal conclusions, to which no response is required.  To the extent a response is deemed required,

Defendants respectfully refer the Court to the request email for a complete and accurate statement of its contents, and deny any inconsistency thereof.

35. Paragraph 35 asserts a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants admit that ATF is a component of the Department of Justice and that the Department of Justice is subject to FOIA.

36. Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph.

37. This paragraph asserts legal conclusions, to which no response is required. To the extent a response is required, Defendant ATF admits that it has not yet issued a determination in response to request number 2023-00795.

**COUNT V – MARCH 21, 2023 FOIA REQUEST (AGGREGATE TRACE DATA), ATF'S FOIA VIOLATION: FAILURE TO CONDUCT AN ADEQUATE SEARCH**

38. Defendants incorporate the above paragraphs by reference.

39. This paragraph consists of Plaintiff's characterization of its FOIA request and asserts legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the request email for a complete and accurate statement of its contents, and deny any inconsistency thereof.

40. Paragraph 40 asserts a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants admit that ATF is a component of the Department of Justice and that the Department of Justice is subject to FOIA.

41. Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph.

42. Denied.

## COUNT VI – MARCH 21, 2023 FOIA REQUEST (AGGREGATE TRACE DATA), ATF'S FOIA VIOLATION: FAILURE TO PRODUCE RECORDS

43. Defendants incorporate the above paragraphs by reference.

44. This paragraph consists of Plaintiff's characterization of its FOIA request and asserts legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the request email for a complete and accurate statement of its contents, and deny any inconsistency thereof.

45. Paragraph 45 asserts a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendants admit that ATF is a component of the Department of Justice and that the Department of Justice is subject to FOIA.

46. Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph.

47. Defendant ATF avers that it has not yet produced records in response to request number 2023-00795.

The remainder of the Complaint contains Plaintiff's requested relief, to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

Defendants deny all allegations of the Complaint not expressly admitted or denied above.

## DEFENSES

Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of litigation.

### FIRST DEFENSE

Defendants' actions did not violate the FOIA or the Privacy Act or any other statutory or regulatory provision.

### SECOND  DEFENSE

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions or exclusions to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

### THIRD DEFENSE

The Court lacks jurisdiction to award relief that exceeds that authorized by the FOIA.

### FOURTH DEFENSE

Plaintiff is not entitled to attorneys' fees or costs

Respectfully submitted,

Dated: June 23, 2023
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:/s/ Brian J. Levy
       BRIAN J. LEVY

Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6734

*Attorneys for the United States of America*